UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Paul Edward Allen, Jr.,

        Defendant.

**MEMORANDUM OF LAW & ORDER**
Criminal File No. 05-342 (MJD)

## I. INTRODUCTION

The above-entitled matter comes before the Court on Defendant's Motion to Amend Court Ordered Restitution. [Docket No. 19] Defendant's motion requests this Court to modify the previously ordered restitution amount of $268,696.95 to $2,698.

## II. FACTUAL BACKGROUND

On October 3, 2003, the Defendant was convicted of wire fraud in violation of 18 U.S.C. § 1343. The Defendant was sentenced by Judge Lyle Strom of the District of Nebraska. As part of his sentence, the Defendant was ordered to pay restitution in the amount of $268,969.95. Upon release from prison, the

Defendant was ordered to make monthly payments of $200 or five percent of gross income, whichever was greater.

On September 9, 2010, the Defendant filed a motion requesting this Court to amend the restitution amount previously ordered by Judge Strom. The Defendant stated that he wants his victims to receive some financial restitution. (Def.'s Aff. ¶ 1) However, the Defendant notes that from December 2007 to the present he has only been able to earn $1,441. (Id. ¶ 13) Defendant states that he has a confidential source who will provide him with $2,698 to pay the victims, but the source will only provide the money if the Court orders that this amount will constitute full payment of Defendant's restitution obligations. (Id. ¶ 4)

## III.  DISCUSSION

Where a court has ordered a defendant to pay restitution, the court has the ability to modify the payment schedule. See 18 U.S.C. § 3664(k). Section 3664(k) states that, where a court has received notice of a material change in the defendant's economic circumstances which impacts the defendant's ability to pay the ordered restitution, and where the victims have been notified of the change, the court may "adjust the payment schedule, or require immediate payment in full, as the interests of justice require." Id. However, this section

does not give courts the authority to amend the amount of restitution owed by the defendant. United States v. Raether, No. CR 95-40012 02, 2007 WL 61012, at *2 (D.S.D. Jan. 8, 2007).

The Mandatory Victims Restitution Act of 1996 ("MVRA") requires courts to order a defendant convicted of a crime committed by fraud to "make restitution to the victim of the offense." 18 U.S.C. §§ 3663A(a)(1), (c)(1)(A)(ii). Furthermore, 18 U.S.C. § 3664(f)(1)(A) states that "[i]n each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." In discussing the MVRA, Congress stated that "if the defendant's economic circumstances change so that the defendant's ability to pay is impaired, the court may adjust the payments accordingly without discharging the defendant's obligation to pay full restitution." S. Rep. No. 104-179, at 21 (1995) reprinted in 1996 U.S.C.C.A.N. 924, 934. "It would simply be irrational to conclude that a district court has the authority to remit restitution orders that Congress has said must be mandatorily imposed: such authority would nullify the force and effect of the MVRA." United States v. Roper, 462 F.3d 336 (4th Cir. 2006).

In support of his motion, the Defendant cites to United States v. Madoff, 09-cr-213, (S.D.N.Y.) where the court granted the Government's motion for a finding that restitution was impracticable. (Ex. 1 to Def.'s Mem.) The court determined, that pursuant to 18 U.S.C. § 3663A(c)(3), restitution in that case was impracticable because the number of identifiable victims was so large, and the need to provide any victim with restitution was outweighed by the burden determining restitution would place on the sentencing process. In this case the Defendant has already been ordered to pay restitution in a fixed amount to fixed individuals and has already served his sentence. Consequently the factors which justified that court's decision, pursuant to 18 U.S.C. § 3663A(c)(3), are not applicable, and that decision does not provide justification for this Court to amend the amount of restitution owed by the Defendant.

Furthermore, the Defendant argues that the MVRA is unconstitutional, because it has allowed Congress to strip the judicial branch of discretion in determining the appropriate restitution amount, violating the principle of separation of powers. Congress, however, has the authority to fix sentences and control a judge's discretion. United States v. Hawkins, 548 F.3d 1143, 1150 (8th Cir. 2008) (citing Mistretta v. United States, 488 U.S. 361, 364 (1989)). Since

Congress has this power, other courts have found that the MVRA does not violate the principle of separation of powers by removing discretion from the judge with regard to the imposition of restitution. United States v. Castillo, 93 Fed. Appx. 273, 276 (2d Cir. 2004); United States v. Butler, 137 F.3d 1371, 1372 (5th Cir. 1998).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Amend the Amount of Restitution Ordered [Docket No. 19] is **DENIED**.

Dated: November 15, 2010

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court